**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Anita Liggins, | * | Case No. |
| Plaintiff, | * | JUDGE |
| vs. | * | Michael J. Manahan (0021397) |
| | | Jonathan M. Sheehan (0092753 |
| Allstate Insurance Company, | * | Rohrbachers Cron Manahan |
| | | Trimble & Zimmerman Co., L.P.A. |
| Defendant. | * | 405 Madison Avenue, 8th Floor |
| | | Toledo, Ohio 43604-1243 |
| | * | Telephone (419) 248-2600 |
| | | Fax (419) 248-2614 |
| | * | E-mail: mmanahan@rcmtz.com |
| | | jsheehan@rcmtz.com |
| | * | Attorneys for Defendant |
| | | Allstate Insurance Company |
| | * | |
| * | * | * |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Allstate Insurance Company (hereinafter referred to as "Allstate"), by and through its counsel, Rohrbachers Cron Manahan Trimble & Zimmerman, Co., L.P.A., hereby gives notice of its removal of the within action from the Court of Common Pleas of Lucas County, State of Ohio, to the United States District Court for the Northern District of Ohio, Western Division. As grounds therefore, Defendant Allstate states as follows:

1.      On December 28, 2017, an action was filed against Defendant Allstate in the Court of Common Pleas of Lucas County, State of Ohio, entitled *Anita Liggins v. Allstate Insurance Company, etc., et al.*, assigned Case No. CI0201705229, and said

action was commenced by service of a copy of the summons and complaint upon Defendant Allstate, issued on December 29, 2017, and the return receipt for certified mail service was filed on January 4, 2018.   A copy of all processes, summonses, pleadings and other documents served upon Defendant Allstate in the action filed in the Court of Common Pleas of Lucas County, State of Ohio, are attached hereto as Composite Exhibit "A". Defendant Allstate received the complaint via certified mail on January 4, 2018, and the answer of Defendant Allstate therefore is not due until February 2, 2018.

2.     The above described action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and is one which may be removed to this Court by Defendant Allstate herein, pursuant to the provisions of 28 U.S.C. §1441, in that it is a civil action between citizens of different states, and the underlying claim, while not specifically detailed in Plaintiff's Complaint, exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Plaintiff has filed a Sworn Statement in Proof of Loss, claiming losses in the amount of $358,600.00.  A copy of the Sworn Statement in Proof of Loss is attached as Exhibit "B".

3.     The Plaintiff who is suing Defendant Allstate at the time this action was commenced, was and still is a citizen of the State of Ohio.  Defendant Allstate at the time this action was commenced, was and still is, a wholly-owned subsidiary of Allstate Insurance Holdings, LLC, which is a Delaware limited liability company.  Allstate Insurance Holdings, LLC is a wholly-owned subsidiary of The Allstate Corporation, which is a Delaware corporation.  Defendant Allstate's principal place of business is in the State of Illinois and Defendant Allstate was not, and is not, a citizen of the State of Ohio wherein this action was brought.

4.      Defendant Allstate desires to remove this action into this Court as provided in 28 U.S.C. § 1441(b) and does so within the 30 day requirement.

5.      Notice of Removal has been sent to all adverse parties and to the Clerk of Court, Court of Common Pleas, Lucas County, Ohio.  A true copy of said Notice is attached hereto as Exhibit "C".

**WHEREFORE**, Defendant Allstate notifies all parties that the above action now pending in the Court of Common Pleas in the State of Ohio, in and for Lucas County is removed to the United States District Court for the Northern District of Ohio, Western Division.

Respectfully submitted,

s/ Michael J. Manahan
Michael J. Manahan (0021397)
Jonathan M. Sheehan (0092753)
Attorneys for the Defendant,
Allstate Insurance Company
ROHRBACHERS CRON MANAHAN
TRIMBLE & ZIMMERMAN CO., L.P.A.
405 Madison Avenue, 8th Floor
Toledo, Ohio  43604-1243
(419)248-2600   Fax: (419)248-2614
mmanahan@rcmtz.com
jsheehan@rcmtz.com

3

## **CERTIFICATION**

I hereby certify and a copy of the foregoing was sent by ordinary mail this 30th, day of January, 2018 to V. Robert Candiello, 4859 W. Sylvania Avenue, Suite B, Toledo, Ohio 43623, attorney for Plaintiff.

Respectfully submitted,

s/ Michael J. Manahan
Michael J. Manahan (0021397)
Jonathan M. Sheehan (0092753)
Attorneys for the Defendant,
Allstate Insurance Company
ROHRBACHERS CRON MANAHAN
TRIMBLE & ZIMMERMAN CO., L.P.A.
405 Madison Avenue, 8th Floor
Toledo, Ohio  43604-1243
(419)248-2600   Fax: (419)248-2614
mmanahan@rcmtz.com
jsheehan@rcmtz.com

## LUCAS COUNTY COMMON PLEAS COURT
### CASE DESIGNATION

**TO:**  Bernie Quilter, Clerk of Courts

**CASE NO** G-4801-CI-0201705229-000
**Judge**
**JUDGE_,**  DEAN P. MANDROS

The following type of case is being filed:
**Professional Malpractice**
  ☐ Legal Malpractice (L)
  ☐ Medical Malpractice (M)
**Product Liability (B)**
  ☐
**Other Tort (C)**
  ☐
**Workers' Compensation**
  ☐ State Funded (D)
  ☐ Self Insured (K)

**Administrative Appeal (F)**
  ☐
**Commercial Docket**
  ☐

By submitting the complaint, with the signature of the Attorney, the Attorney affirms that the name of person with settlement authority and his/her direct phone number will be provided upon request to a party or counsel in this matter

**Other Civil**
☐ Consumer Fraud (N)  ☐ Forfeiture
☐ Appropriation (P)  ☐ Court Ordered
☒ Other Civil (H)      Certificate of Title

This case was previously dismissed pursuant to CIVIL RULE 41 and is to be assigned to Judge _____, the original Judge at the time of dismissal. The previously filed case number was CI_____.

This case is a Declaratory Judgment case with a personal injury or related case currently pending. The pending case number is _____, assigned to Judge _____.

This case is to be reviewed for consolidation in accordance with Local Rule 5.02 as a companion or related case. This designation sheet will be sent by the Clerk of Courts to the newly assigned Judge for review with the Judge who has the companion or related case with the lowest case number. The Judge who would receive the consolidated case may accept or deny consolidation of the case. Both Judges will sign this designation sheet to indicate the action taken. If the Judge with the lowest case number agrees to accept, the reassignment of the case by the Administration Judge shall be processed. If there is a disagreement between the Judges regarding consolidation, the matter may be referred to the Administrative Judge.

Related/companion case number _____ Assigned Judge _____

_____  _____  _____  _____
Approve/Deny      Date      Approve/Deny      Date

**Attorney**  _V. Robert Cardillo_
**Address**  _4859 W. Sylvania Ave. Suite B_
    _Toledo Ohio 43623_
**Telephone**  _(419) 841-0792_

EXHIBIT
A
PENGAD 800-631-6989





FILED
LUCAS COUNTY

2017 DEC 28  AM 10: 54

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

## IN THE COMMON PLEAS COURT OF LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| | | G-4801-CI-0201705229-000 |
| **ANITA LIGGINS** | * | C |
| 2429 Maplewood Avenue | | Judge |
| Toledo, Ohio  43620 | | **DEAN P. MANDROS** |
| | * | JU |
| **Plaintiff** | | |
| | * | **COMPLAINT WITH JURY DEMAND ENDORSED HEREON WITH REQUEST FOR PRODUCTION OF DOCUMENTS** |
| | * | |
| **vs** | * | |
| | | V. Robert Candiello (#0003355) |
| **ALLSTATE INSURANCE CO.** | | 4859 W. Sylvania Ave. |
| P. O. Box 660328 | * | Suite B |
| Dallas, Texas  75266-0328 | | Toledo, Ohio 43623-3372 |
| | * | Telephone: 419.841.0792 |
| **Defendant** | | Facsimile: 419.841.0795 |
| | * | |
| | | **Attorney for Plaintiff** |

\*        \*        \*        \*        \*

Now comes the Plaintiff herein, by and through counsel, and for his

Complaint against the Defendant alleges and avers the following:

1

## COUNT I

1) Plaintiff alleges that at all times mentioned herein, the Defendant was a duly organized Insurance Carrier conducting business in various States including the State of Ohio, and more particularly issuing policies of fire and hazard insurance covering properties owned by its clientele within this State.

2) Plaintiff further alleges that on or about October 18, 2016, this Plaintiff purchased from Defendant, a policy of fire insurance to cover her property located at 3224 Warsaw Street, Toledo, Lucas County, Ohio, **Policy # 000992577890,** a true copy of said policy of insurance is attached hereto, made a part hereof, and marked Plaintiff's Exhibit "1".

3) Plaintiff alleges that said policy of insurance provided coverage on Plaintiff's property for losses sustained by, among other things, fire.

4) Plaintiff alleges that on or about January 1, 2017, this Plaintiff sustained a fire loss to her property as hereinabove described, which loss was promptly reported to the Defendant Company.  On or about January 4, 2017 a second loss was sustained to said property, which loss was duly reported to the Defendant Company.

5) Plaintiff alleges that at the time said policy of insurance was purchased and at the time of the aforesaid losses, Plaintiff held an equitable interest in said property pursuant to a Land Installment Contract entered into on October 15, 2016.  A true copy of said Land Installment Contract is attached hereto, made a part hereof and marked Plaintiff's Exhibit "2".

2

6) Plaintiff further alleges that as a direct and proximate result of said fires, she sustained a loss to her property in the approximate amount of $ 350,000.00, the cost of placing said property in the same or similar condition that it was immediately prior to said fire. (Plaintiff's Exhibit "3" attached)

7) Plaintiff further alleges that as a direct and proximate result of the aforesaid fires, she also sustained a personal property loss to certain contents within said property and additional living expenses in the approximate amount of $ 5,000.00, together with Board up expenses incurred in the amount to be determined.

8) Plaintiff alleges that pursuant to the terms of Plaintiff's fire insurance policy, due claim was made with the Defendant Company for reimbursement on Plaintiff's losses as set forth above, however to date, Defendant has refused and neglected to pay said claim, which they are obligated to do under their fire insurance contract with Plaintiff.

9) Plaintiff alleges that the Defendant herein has breached the terms of its insurance contract with Plaintiff in its failure to promptly pay Plaintiff's claim.

## COUNT II

10) Plaintiff realleges and reaffirms all of those allegations as contained in Count I of this complaint as if the same were fully rewritten in this Count.

11) Plaintiff alleges that Defendant is duty bound under its policy of insurance with Plaintiff to promptly adjust and pay those losses as are covered under said policy.

12) Plaintiff further alleges that Defendant has willfully neglected to address Plaintiff's claims and further has failed to act in a reasonable and diligent manner in the

3

handling of Plaintiff's claims which action or lack of action on the part of Defendant have not been made in good faith, for which this Plaintiff is entitled to damages.

      **WHEREFORE**, Plaintiff respectfully demands Judgment against the Defendant herein as follows:

A) For Judgment in favor of the Plaintiff and against the Defendant in her first cause of action herein in the amount of $ 355,000.00 for her losses so sustained as aforesaid and additional losses yet to be determined, together with statutory interest and the cost of these proceedings;

B) For Judgment in favor of the Plaintiff and against the Defendant in her second cause of action in the Defendant's lack of good faith in the handling of Plaintiff's claims in an amount in excess of $ 25,000.00 together statutory interest, reasonable Attorney fees and the costs of this action.

V. Robert Candiello
Attorney for Plaintiff

## DEMAND FOR JURY

      Now comes the Plaintiff and hereby makes here written demand for a Trial by Jury in the within cause of action.

V. Robert Candiello
Attorney for Plaintiff

4

## REQUEST FOR PRODUCTION OF DOCUMENTS

Now comes Plaintiff and hereby makes her written request upon the Defendant in the within proceedings to produce for inspection and copying those documents that are hereinafter requested below.  Said request is made pursuant to and in compliance with the Ohio Rules of Civil Procedure and the same shall be provided to Plaintiff's Attorney within twenty-eight (28) days after service.

**REQUEST FOR PRODUCTION 1:**    Please provide a true copy of Plaintiff's homeowner's insurance policy, policy # 000992577890 issued to Plaintiff on October 18, 2017.

**RESPONSE:**

V. Robert Candiello
Attorney for Plaintiff

5



**PLAINTIFF'S EXHIBIT**
_1_



**Allstate.**
You're in good hands.

# ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

## OHIO

HOME OFFICE
NORTHBROOK, ILLINOIS

Application No.: 035162795226164

## COVERAGES

The premium stated below reflects the applicable loss deductibles listed under the section titled "Loss Deductibles Applied".

| SECTION I COVERAGES | LIMITS | PREMIUM |
|---|---|---|
| Dwelling Protection | $475181 | $2421.01 |
| Other Structures Protection | $23760 | $-3.18 |
| Personal Property Protection | $190073 | $-8.74 |
| Additional Living Expense - Up to 24 months not to exceed | $190073 | $5.01 |

SECTION I OPTIONAL/INCREASED COVERAGES SELECTED

| | |
|---|---|
| Property Insurance Adjustment | INCL |
| Roof Surfaces Extended Coverage | INCL |

| SECTION II COVERAGES | | |
|---|---|---|
| Family Liability Protection - each occurrence | $300000 | $23.00 |
| Guest Medical Protection - each person | $5000 | $9.00 |
| Total Section II Premium | | $32.00 |

SECTION III OPTIONAL COVERAGES/INCREASED COVERAGES APPLIED
An additional premium is charged for each of the following optional coverages you have selected.

| | LIMITS | PREMIUM |
|---|---|---|
| Extended Premises | INCL | $21.00 |
| Water Back-Up | $5000 | $40.00 |

SCHEDULED PERSONAL PROPERTY COVERAGES : NONE

## LOSS DEDUCTIBLES APPLIED

The following loss deductibles apply as specified below.

| | |
|---|---|
| Water Back-Up | $500 |
| Windstorm and Hail | $1000 |
| All Other Perils | $1000 |

## DISCOUNTS APPLIED

The following discounts have been applied to reduce your insurance premium.
Home Buyer
Multiple Policy
Protective Device
Responsible Payment
Welcome

## PREMIUM INFORMATION

| | | |
|---|---|---|
| Total Estimated Annual Policy Premium: | $2507.10 | |
| Amount Paid: | $400.00 | Cash |

G52-3



#

## ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

#

### OHIO

HOME OFFICE
NORTHBROOK, ILLINOIS

Application No.: 035162795226164

Applicant Name : ANITA LIGGINS
Address : 3021 PARKWOOD AVE
City : TOLEDO
Home Phone No. : (612)644-7803
Email Address : anita.liggins1@yahoo.com

St. : OH   Zip Code : 43610

LOCATION OF PROPERTY
Address : 3224 WARSAW STREET
City : TOLEDO

St. : OH   Zip Code : 43608
County: LUCAS

---

POLICY DISTRIBUTION/BILLING
Policy sent to:                           INSURED

---

MORTGAGEE/THIRD PARTY INFORMATION: NONE

---

ADDITIONAL INSURED INFORMATION : NONE

---

ADULT OCCUPANTS

| OCC. NO. | OCCUPANT NAME | SOCIAL SEC. NO. | RELATION TO INS. | BIRTH DATE | SEX | MARITAL STATUS | DRIVER LICENSED | STATE |
|---|---|---|---|---|---|---|---|---|
| 1 | ANITA LIGGINS | XXX-XX-2894 | SA | 08/XX/1961 | F | SI | XXXX7228 | OH |

---

CHILDREN IN HOUSEHOLD: NONE
Total number of residents in household including children: 1

---

HOUSEHOLD INFORMATION
Years at current address: 5
Date applicant moved into present residence: 10/2016
Number of dogs on premises: NONE                     Does anyone in the household smoke?: NO
Are either applicants eligible for the Good Hands Program: NO

---

POLICY TYPE - HOUSE & HOME

---

LOCATION OF PROPERTY
County: LUCAS
Primary Responding Fire Dept.: TOLEDO
Miles to Fire Department: 2
Town Class Rating: 03

Territorial Zone: 43608

Feet to Fire Hydrant:

---

+
G52-3



# ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

## OHIO

HOME OFFICE
NORTHBROOK, ILLINOIS
ESTIMATOR

Application No.: 035162795226164

Residential Component Technology(tm)

| | | |
|---|---|---|
| RCT Cost Date: | 02/01/2016 | |
| Estimated Replacement Cost: | $475,181 | |
| Estimated Replacement Cost of Detached Structure(s): | $0 | |
| Zip Code: | 43608 | |
| Style/Number of Stories: | 1 Story ; 1 Story | |
| Year Built: | 1907 | |
| No. of Families: | 2 | |
| Living Area Square Footage: | 3364 | |
| Cathedral Ceiling: | None | |
| Foundation: | 100% | with Basement, Below Grade |
| | 100% | Concrete |
| | 8ft | Basement Depth (Linear Feet) |
| | 1 | Number of Basement Levels |
| | 1 | Number of Stairs, Basement, w/Railing |
| Garages: | None | |
| Kitchens: | 2 | Number of Builder's Grade |
| Bathrooms: | 2 | Number of Full Bath, Builder's Grade |
| | 2 | Number of Half Bath, Builder's Grade |
| Fireplaces: | None | |
| Wood Stove: | None | |
| Screened Porches: | None | |
| Solar Rooms: | None | |
| Wood Deck: | None | |
| Composite Deck: | None | |
| Redwood Deck: | None | |
| Open Porch: | None | |
| Exterior Wall Type: | 100 % | Siding, Vinyl |
| Roof Type: | 100 % | Shingles, Asphalt/Fiberglass |
| | 100 % | Gable, Slight Pitch |
| | 100 % | Simple/Standard |
| Flooring: | 23 % | Hardwood |
| | 31 % | Carpet over Hardwood, Acrylic/Nylon |
| | 33 % | Carpet, Acrylic/Nylon |
| | 8 % | Vinyl |
| | 5 % | Tile, Ceramic |
| Heat and Air Conditioning: | 100 % | Heating, Gas |
| Interior Wall Partitions: | 100 % | Plaster |
| | 84 % | Paint |
| | 11 % | Wallpaper, Vinyl |
| | 5 % | Paneling, Sheet |
| Special Exterior Features: | 100 % | Sash, Wood with Glass, Standard |
| | 2 | Number of Doors, Wood, Exterior |

Residential Component Technology(tm) and RCT(tm)

Page 3 of 6

052-3



# ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

## OHIO

HOME OFFICE
NORTHBROOK, ILLINOIS

Application No.: 035162795226164

are trademarks of Marshall & Swift/Boeckh.

## DWELLING INFORMATION

Mo/Year Dwelling Purchased: 10/2016
Purchase Price: $210,000
No. Apts./Family Units: 2
Roof Type: Asphalt/Fiberglass Shingle
Roof Geometry: Gable
Year Roof Was Replaced: 2011
Construction: Frame (Plastic or Aluminum)
Applicant lives in the building as: OWNER
Unit Residence: Primary
Dwelling in Course of Construction: NO

Original Owner: NO
Current Market Value: $210,000

Hail Resistive Roof: NO

Unit type: HOUSE

## PROTECTIVE DEVICES INSTALLED

Deadbolt Locks (all exterior doors)
Smoke Detector (each floor)
Fire Extinguisher

Applicant's Initials _AL_

Does the insured have an alternative or supplemental heating source (excluding fireplaces)?: NO

Is the property to be insured, or premises of applicant located on a farm?: NO
Is there any store, business or professional activity in the building, at the applicant's premises, or at additional premises owned by the applicant?: NO
Is the dwelling on a solid and continuous foundation?: YES
Will the residence be occupied within the next 30 days?: YES

5 YEAR LOSS HISTORY (including losses at present and prior residences): NONE

PRIOR PROPERTY INSURANCE: NONE
In the past 5 years have you been rejected, cancelled or nonrenewed insurance similar to the coverage applied for on this application?: NO

## OTHER ALLSTATE POLICIES (CROSS INDEX)

Policy No.: 035162735154396          Effect. Date: 10/18          Line: 019          Relationship: MT

## AUTO INFORMATION

How many vehicles are in the household?: 1
Max of Years with Prior/Current Auto Carrier: 0
How many auto at-fault accidents have the applicant and co-applicant had in the last 5 years? 0
How many auto not-at-fault accidents have the applicant and co-applicant had in the last 5 years? 1
How many comprehensive claims have the applicant and co-applicant filed in the last 5 years? 0
How many minor violations have the applicant and co-applicant had in the last 3 years? 1

G52-3



**#**

## ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

### OHIO

HOME OFFICE
NORTHBROOK, ILLINOIS

Application No.: 035162795226164

How many major violations have the applicant and co-applicant had in the last 3 years? 0

REMARKS: NONE

NOTICE: As part of Allstate's underwriting/qualification procedure and subject to applicable laws and regulations, we may obtain information regarding you and other individuals who may be covered by the insurance you are applying for, including: (i) driving record, based on state motor vehicle reports and loss information reports; (ii) your prior insurance record, if any, which will be obtained from your current or prior carrier(s); (iii) credit reports; and (iv) claim history, based on loss information reports.

WARNING:ANY PERSON WHO, WITH INTENT TO DEFRAUD OR KNOWING THAT HE IS FACILITATING A FRAUD AGAINST AN INSURER SUBMITS AN APPLICATION OR FILES A CLAIM CONTAINING A FALSE OR DECEPTIVE STATEMENT IS GUILTY OF INSURANCE FRAUD.

Any insurance bound is limited to a period of 60 days from its effective date and expires on the last day of such limited period. The Company may sooner terminate such insurance by mailing to the Applicant, at the address herein given, written notice of rejection of this application. Such termination shall be effective at the earlier of A) THE DATE AND TIME INDICATED ON THE TERMINATION NOTICE OR B) AS OF THE TIME APPLICANT SECURES OTHER HOMEOWNERS, RENTERS OR CONDOMINIUM OWNERS INSURANCE. Upon such expiration, or termination, refund of premium may be tendered or paid by check of the Company or its Agent, and if not then, as soon as practicable thereafter.

Any insurance bound hereunder shall otherwise be subject in all respects to the terms and conditions of the regular policy forms of the Company at present in use and to the statements in this application. Any insurance is bound only for such items, perils, coverages, forms of coverage, limits of insurance and amounts of insurance as are indicated on the face hereof, and only those additional Homeowners coverages are bound for which a premium is indicated.

If you believe your credit information was adversely impacted by extraordinary medical or other circumstances, you have the right to appeal this decision. Please contact your Allstate Representative for additional information.

I understand that upon issuance of the insurance applied for, except for those with the Select Value or Select Value with Roof Surfaces Extended Coverage endorsement, the Property Insurance Adjustment (P.I.A.) condition will apply to the policy. In accordance with terms of this condition, the limits of liability may be adjusted at each anniversary of the policy.

BINDER PROVISION - In reliance on the statements in this application and subject to the terms and conditions of the policy authorized for the Company's issuance to the applicant, the Company named above binds the insurance applied for, to

become effective:          04:35 PM          10/18/2016
Transaction time/date:     04:35 PM          10/18/2016

To the best of my knowledge the statements made on this application, including any attachments, are true. I request the Company, in reliance on these statements, to issue the insurance applied for. The Company may recompute the premium shown if the statements made herein are not true. In the event of any material misrepresentation or concealment made by me or with my knowledge in connection with this application, the

· Page 5 of 6

G52-3



#

## ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

### OHIO

HOME OFFICE
NORTHBROOK, ILLINOIS

Application No.: 035162795226164

Company may deem this binder and any policy issued pursuant to this application void from its inception. This means that the Company will not be liable for any claims or damages which would otherwise be covered.

I have read this entire application, including the binder provision, before signing.

_____
Applicant's Signature

10·18·16
_____
Date

( )  I have inspected the premises.

(X)  I have not inspected the premises.

Chuck Bodette
_____
Agent/Agency Name

050036
_____
Number

AE2
_____
Location Code

QUINN, BRANDON
_____
Producer's Signature

AR1280-2





PLAINTIFF'S
EXHIBIT
2

20161021-0042879
10/21/2016                          10:03 AM
Pages:6                             Fee:$60.00
T20160031262
Phil Copeland
Lucas County Recorder                        L/C

# TWO YEAR

## LAND INSTALLMENT CONTRACT

Toledo, Ohio                                    October 15, 2016

      The undersigned Seller agrees to sell and convey, and the undersigned Buyer agrees to purchase and pay for, upon and under the following provisions, terms and conditions, the real estate and appurtenances situated in the City of Toledo, County of Lucas, State of Ohio, described as follows:

      Lot Number 66 in Parkland Addition in the City of Toledo, Lucas
County, Ohio, in accordance with Volume 4 of Plats, page 55.

      Parcel # 12-02954  *SGH*

Also known as 3224 Warsaw Street, Toledo, Ohio 43608, and hereinafter called the "Premises", together with all hereditaments, appurtenances, privileges, rights and easements thereto belonging and subject to all restrictions and highways of record.

    1. <u>PRICE AND PAYMENT.</u> Buyer shall pay Seller for the Premises the sum of Fifty-three Thousand Dollars ($53,000.00), payable as follows:

      (a) The sum of Fifty-five Hundred Dollars ($ 5,500.00) has been paid Simultaneously with the execution of this Land Installment Contract.

      (b) The balance of the purchase price of Forty-seven Thousand Five Hundred Dollars ($47,500.00) shall bear interest at the rate of 6% per annum during the term of this contract and shall be paid in consecutive monthly installments of Four Hundred Dollars ($400.00) each, commencing on October 1, 2016, and continuing on the 1st day of each month thereafter for a period of two (2) years at which time the principal sum then due and owing together with any accumulated interest thereon shall be paid in full.

(b) Monthly installments not paid within five (5) days after the date due will be subject to a ten percent (10%) late charge, said late charge to be paid immediately by Buyer to Seller;

(c) Upon an event of default as described in paragraph 9 herein, interest shall accrue on the principal balance at the rate of ten percent (10 %) per annum until the default is cured;

(e) Buyer shall have the right to make total or partial prepayments on the unpaid principal balance at any time without penalty or fee;

(f) Monthly installments due hereunder shall be paid to Seller at such place as Seller may designate in writing to Buyer.

2. POSSESSION. Buyer shall have possession of the Premises from the date hereof and until the condition or conditions of this contract are broken.

3. TAXES AND UTILITIES. Buyer shall pay the cost of all utilities servicing the Premises. Buyer shall be responsible for payment of all real estate taxes and installments of assessments against the Premises that become due and payable after the date hereof. Buyer will pay to Seller on the first day of each month a payment equal to one-sixth (1/6) of the half year taxes and assessments.

If Buyer fails to do so, Seller may pay such utilities, taxes and assessments for the account of Buyer and the same shall become a part of the indebtedness due under this Agreement and shall be paid by Buyer to Seller on the first installment date after Seller notifies Buyer of said payment.

4. MAINTENANCE AND INSURANCE. Buyer shall keep the Premises herein in as good a condition as they now are, ordinary wear and tear excepted. In addition, Buyer at her cost shall insure the Premises against risk of loss covered by fire and extended coverage insurance during the continuance of this Agreement in a company or companies acceptable to Seller, in an amount not less than Fifty-three Thousand Dollars ($53,000.00) with losses, if any, payable to Seller and Buyer, as their respective interests appear. A copy of such policy or policies shall be delivered to Seller at closing. Buyer shall pay to Seller on the first day of each month an amount equal to one-twelfth (1/12) of the annual premium for the insurance for payment of the next years insurance policy. If Buyer fails to maintain such insurance, Seller may insure the Premises at Buyer's expenses and such expense shall become a part of the indebtedness due under this Agreement.

5. ASSIGNMENT. Buyer shall not assign, encumber or transfer its interest under this contract without the prior written consent of Seller. Buyer shall not create, permit or suffer any liens or encumbrances (except the lien of not overdue installments of real estate taxes and assessments) against the Premises.

6. MORTGAGES AND PENDING ORDERS OF A PUBLIC AGENCY.
Seller represent and warrant that the Premises are free and unencumbered as of the date of this Contract except for zoning ordinances, legal highways, easements, agreements and restrictions of record. Seller shall not mortgage or otherwise encumber the Premises during the term of this contract. Any mortgages on the premises shall be paid or discharged in full by Seller prior to delivery to Buyer of the Deed to the premises.

7. TITLE EVIDENCE. Seller shall furnish evidence of title at the completion of this of this contract showing that title is legally vested in Seller.

8. DEED. When the price has been paid in full, Seller shall convey to Buyer a good and merchantable title in fee simple to the Premises by transferable and recordable general warranty deed, or such other deed as is available when the Seller is legally unable to deliver a deed of general warranty, with release of dower, free and clear of all liens and encumbrances, except (1) those created by or assumed by Buyer; (2) those specifically set forth in this contract; (3) zoning ordinances; (4) legal highways; and (5) restrictions, conditions and utility easements of record created or reserved.

9. DEFAULT. If Buyer shall fail to pay one of said installments of purchase money when the same becomes due, or shall fail to pay any of said taxes and assessments when the same are due and payable, or shall fail to insure said buildings, or shall fail to comply with any of the terms and conditions hereof, then all of the installments and amounts remaining unpaid shall immediately become due and payable, and Seller may, at its option, terminate this contract without demand on or notice to Buyer. On such termination, all payments made by Buyer hereunder may be retained by Seller as rent and compensation for the use and occupancy of the Premises, and this contract shall be void; and all the right, title and interest, claim and demand of the Buyer in and to the Premises shall cease and terminate. On such termination, it shall be lawful for Seller to enter upon the Premises and again have, repossess and enjoy the same as if this contract had not been made, and until such entry Buyer shall be deemed and regarded as a tenant at will. The commencement of a proceeding in forcible detainer or in ejectment or otherwise, after such termination, shall be equivalent in every respect to actual entry by Seller. Failure or delay of Seller to terminate this contract because of any default shall not operate as a waiver by Seller of the right to terminate this contract in the event of any subsequent or other default by Buyer; upon default aforesaid, a court of competent jurisdiction upon application at any time and without notice, may appoint a receiver to take

possession of, manage and control the Premises, collect the rents and profits thereof and apply the net proceeds to the payment of taxes, assessments and insurance premiums against the Premises, or any of them, or in the reduction of Buyer's debt, as Seller may elect. Upon default aforesaid, Buyer agrees to surrender possession of the Premises, together with improvements, upon demand, and to pay to Seller reasonable rent on a per diem basis for the period Buyer is in possession of said Premises after said default, plus the fair value of deterioration or destruction of the Premises occasioned by Buyer's use.

If a receiver is appointed for Buyer, of if Buyer becomes bankrupt or makes an assignment for the benefit of creditors, or should any action or proceeding be filed in any Court to enforce any lien on, claim against or interest in the Premises seeking to reach the interest of Buyer therein, the unpaid balance of this contract together with interest and other charges thereon shall at once become due and payable at the option of Seller.

Seller's remedies provided herein are not exclusive and Seller at its election may pursue all other available remedies, whether legal or equitable, including recovery of the unpaid balance owed on this Land Installment Contract. It is further provided that to the extent this paragraph 9 (or any other paragraph hereof) is inconsistent with or contrary to, or omits any items required by Ohio Revised Code Chapter 5313, the provisions of Chapter 5313 shall govern, take precedence and be deemed a part of this Land Installment Contract.

10.  MISCELLANEOUS PROVISIONS.  As further consideration for the sums to be paid under this Contract, Buyer agrees that in addition to the purchase price of said property as set forth under Paragraph 1 of this Contract, Buyer shall assume, pay and hold Seller harmless from the outstanding delinquent real estate taxes presently due and owing on said property in the amount of $ 8,373.56.

10. GENERAL PROVISIONS.  Buyer has examined the Premises and is relying solely upon such examination With reference to the condition and size of the land and improvements thereon. Buyer is purchasing the Premises "as is".

As used herein, the terms "Seller" and "Buyer" shall include, respectively, all persons signing this Land Installment Contract in the capacity so stated, and their respective heirs, successors, executors, administrators and assigns and all obligations of each party hereto are joint and several.

Each party hereto shall be bound irrespective of prior negotiations contemplating the binding of other parties not signatory hereto and the release of a party hereto shall not release other parties hereto.

The masculine gender as used herein shall include all genders.

This contract shall be governed by the laws of the State of Ohio.

Each fully executed counterpart hereof shall be deemed to be an original hereof.

Seller agrees to cause a copy hereof to be recorded within twenty (20) days after

the date hereof, at the expense of Buyer.

IN WITNESS WHEREOF, the parties to this Land Installment Contract have hereunto set their hands, the day and year first above written.

SELLER:
STARTING POINT INVESTMENTS, LLC
An Ohio Limited Liability Company

Roland McKind, Managing Member
8518 Aquaduct
Holland, Ohio  43528

BUYER:

Anita Liggins
3224 Warsaw Street
Toledo, Ohio  43608

STATE OF OHIO, COUNTY OF LUCAS, ss:

This 15th day of October, 2016, before me, a Notary Public in and for said County and State, personally appeared the above-named Roland McKind, Managing Member and authorized representative of STARTING POINT INVESTMENTS, LLC An Ohio Limited Liability Company, who acknowledged that he did execute the foregoing instrument as his free act and deed.

NOTARY PUBLIC
ATTORNEY AT LAW
PERMANENT COMMISSION
NO EXPIRATION DATE

V. Robert Candiello, Esq.
Notary Public

STATE OF OHIO, COUNTY OF LUCAS, ss:

This 15th day of October, 2016, before me, a Notary Public in and for said County and State, personally appeared the above-named Aimee Janiskowski, who acknowledged that she executed the foregoing instrument as her free act and deed.

V. Robert Candiello, Esq.
Notary Public

This instrument prepared by:

V. Robert Candiello, Esq.
4859 W. Sylvania Avenue
Suite A
Toledo, Ohio  43623

NOTARY PUBLIC
ATTORNEY AT LAW
PERMANENT COMMISSION
NO EXPIRATION DATE

# BEST RE-construction Inc.

4 Wamba Ave.
Toledo, Ohio 43607
(419) 536-6144

PLAINTIFF'S
EXHIBIT
3

February 27, 2017.

V. Robert Candiello

Re:     3224 Warsaw

        Toledo, OH 43608


Dear Mr. Candiello:

At your request, I visually inspected the fire damage at 3224 Warsaw in Toledo, Ohio. From our conversation I understand that there were actually 2 fires that occurred at different times. Based upon my inspection there is no possible way to separate which damages occurred in each separate event. As such, this report refers only to total damages sustained by the building.

The building is a 2 story duplex separated into an upper unit and a lower unit with a full unfinished basement. The attic is a small non accessible space. It appears that the building had been completely remodeled an updated within the last 10 years +/-.

Each unit sustained extensive damages from fire, smoke, and water. The lower unit sustained some structural damages to the floor system in a bedroom near the center of the unit. The exterior sustained damages to the siding and trims. It does not appear that the roof was affected, but was only inspected from the ground and from a limited view from above the second floor ceiling. As such, there could be some repairs needed that are not listed here. The City of Toledo Department of Building Inspection will require drawings and permits for each trade. This report does not include any code upgrade requirements that may be needed at the time of repairs. This report only includes the costs of the systems the way they were installed at the time of this inspection.

It is my opinion that the complete interior of the building needs to be gutted to studs. There are no salvageable goods in either unit. The floor structure on the first floor needs to be repaired, structure sealed, and replacement of all mechanical systems, insulation, drywall, flooring, windows, doors, cabinetry, plumbing fixtures, trims, paint, etc. in both habitable units. Smoke detectors are included in this pricing, as they were seen by me in each unit.

The attic needs to be cleaned, deodorized, and sealed.

The basement needs to be cleaned, deodorized, sealed and painted.

The needed exterior repairs, in my opinion, are replacement of the siding and soffit on the rear and right side of the building, replacement of all aluminum metal trims on doors and windows,

# BEST RE-construction Inc.

4 Wamba Ave.
Toledo, Ohio 43607
(419) 536-6144

replacement of all exterior doors, cleaning of rear egress stairs, cleaning of wheelchair ramp at rear of lower unit, and cleaning of the remaining 2 sides of siding and soffit.

I estimate that the total cost of these repairs will be approximately $350,000.00.  If a detailed estimate is required I will provide one for a fee and it will require a return trip to the site for approximately 2-3 hours.

If you have any questions about this report please contact me either by phone or email.

Sincerely,

Brett Scott, President

## SWORN STATEMENT IN PROOF OF LOSS

Allstate Vehicle and Property Insurance Company
Policy Number: 000992577890

Claim Number: 0441126067
Insured: ANITA LIGGINS

The Undersigned declares: Allstate Vehicle and Property Insurance Company issued to ANITA LIGGINS at 3224 WARSAW ST TOLEDO, OH, 436081870 Its policy number 000992577890, insuring against loss by: Fire as specifically provided in its policy, the following described property:

### 3224 WARSAW STREET, TOLEDO

1. That a loss by Fire occurred around the hour of _2:00_ AM / PM, on January _4_, 20 _17_. Please describe how the loss occurred:
   _PROPERTY WAS BURNDED UP FROM FIRST FIRE - SOMEONE HAD TO BREAK IN AND STARTED A FIRE_

2. This building and/or property described was occupied by: _ANITA LIGGINS_ for the purpose of
   _X_ Personal residence - _LOWER (DUPLEX)_
   ___ Rental Property
   ___ Commercial or other business property

3. At the time of the loss, the party or parties who hold a financial interest or title to the property is / are
   _ANITA LIGGINS / STARTING POINT INVESTMENTS, LLC_ and no other parties hold an interest or encumbrance upon the property involved except for

4. Since this insurance policy went into effect, there has been no assignment or change of interest, use, occupancy, possession, location, or exposure of the property described except:
   _N/A_

5. At the time of the loss, total dollar amount of insurance for this property was $ _475,181.00_, and there are no other policies or other contracts of insurance.

6. At the time of the loss the amount of this property's Actual Cash Value(to include dwelling and personal contents) is: $ _240,000.00_

7. The total amount of damages to the property for this loss is: $ _355,000.00_

8. The Amount Claimed for Additional Living Expenses (if applicable) is: $ _3,600.00_

9. The Amount Claimed for all damages to this property under this policy is: $ _358,600.00_

I confirm the cause of this loss was not perpetrated through any action, design, or procurement by the insured or by this affiant, nothing has been submitted without the knowledge of the insured or this affiant to violate the conditions of the policy or cause the policy to become void; this Proof of Loss represents the whole claim and no property has been saved or has in any manner been concealed, and no attempt to deceive Allstate Vehicle and Property Insurance Company as to the extent of this loss has in any way been made. Any other information that may be required will be furnished and considered a part of this proof.

*By providing me with this Proof of Loss, I acknowledge Allstate Vehicle and Property Insurance Company does not waive any of the policy terms, conditions, exclusions or limitations it may have under the provisions of the policy.*

EXHIBIT
_B_

Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

Executed in the
State of: _____ *Ohio* _____        _____ , Insured Signature

County of: _____ *Lucas* _____        _____ , Insured Signature

Subscribed and sworn before me this _____ 27ᵗʰ _____ day of _____ *February* _____ , 20 _12_ .

_____ Notary Public

```
          NOTARY PUBLIC
        ATTORNEY AT LAW
    PERMANENT COMMISSION
       NO EXPIRATION DATE
```

## IN THE LUCAS COUNTY COURT OF COMMON PLEAS

| | | |
|---|---|---|
| Anita Liggins, | * | Case No.  CI 2017 5229 |
| Plaintiff, | * | JUDGE DEAN P.MANDROS |
| vs. | * | **ALLSTATE INSURANCE COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT** |
| Allstate Insurance Company | * | |
| Defendant. | * | Michael J. Manahan (0021397) Jonathan M. Sheehan (0092753) |
| | * | Rohrbachers Cron Manahan Trimble & Zimmerman Co., L.P.A. |
| | * | 405 Madison Avenue, 8th Floor Toledo, Ohio 43604-1243 |
| | * | Telephone (419) 248-2600 Fax (419) 248-2614 |
| | * | E-mail: mmanahan@rcmtz.com jsheehan@rcmtz.com |
| | * | Attorneys for Defendant Allstate Insurance Company |
| | * | |
| * | * | * |

**NOW COMES** the Defendant, Allstate Insurance Company, by and through its counsel, Rohrbachers Cron Manahan Trimble & Zimmerman Co., L.P.A., reserving all rights and defenses, and files this Notice to this Court of Removal from this Court of Common Pleas, Lucas County, Ohio to the U.S. federal District Court for the Northern District of Ohio, Western Division, of the above civil action captioned *Anita Liggins v. Allstate Insurance Company, etc., et al.*, Case No. CI0201705229 ("State Court Action"). This Notice is filed pursuant to 28 U.S.C. §§ 1332 and 1441.  Defendant provides the following Notice of Removal and states as follows:

EXHIBIT

PENGAD 800-631-6989

**TO THE CLERK OF THE LUCAS COUNTY COURT OF COMMON PLEAS:**

PLEASE TAKE NOTICE THAT, on _1-30-2018_ pursuant to 28 U.S.C. §§ 1332, 1441(a), Defendant, Allstate Insurance Company, filed removal papers with the Clerk for the United States District Court for the Northern District of Ohio, Western Division, regarding the above-captioned State Court Action. A copy of the Notice of Removal to Federal Court (without Exhibits) is attached hereto as Exhibit A. The Court of Common Pleas of Lucas County, Ohio is hereby given notice to proceed no further in this action unless and until such time as the action may be remanded by Order of the United States District Court for the Northern District of Ohio.

Respectfully submitted,

Michael J. Manahan
Jonathan M. Sheehan
Attorneys for Defendant
Allstate Insurance Company

### CERTIFICATION

I hereby certify and a copy of the foregoing was sent by ordinary mail this _30th_, day of January, 2018 to V. Robert Candiello, 4859 W. Sylvania Avenue, Suite B, Toledo, Ohio 43623, attorney for Plaintiff.

Michael J. Manahan, Esq.